IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| F.R.,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-21-00339-PHX-DLR<br><br>**NOTICE RE: Oral Argument Topics** |

In addition to any prepared remarks the parties wish to make, the Court asks that the parties come prepared to discuss the following at the June 24, 2022, oral argument:

**I.    For Defendant**

1. You seem to accept that a private individual could be liable under Arizona law for improperly separating a parent from child, but nevertheless argue that "[b]ecause only the federal government has the authority to enforce federal criminal and immigration laws and make detention determinations, there is no private-person analogue." (Doc. 30 at 23.) Is it your position that *all* actions by government employees taken as part of immigration enforcement are outside the purview of the FTCA?

    a. If yes, how far would that logic extend? For example, suppose an ICE employee is transporting immigration detainees in a vehicle, but while driving, the employee becomes distracted by his cell phone and crashes the

vehicle, causing significant injuries to the detainees. Would the FTCA bar a negligence claim in this hypothetical simply because the vehicle accident occurred in the course of immigration enforcement?

    b. If no, then what sorts of immigration enforcement activities could fall within the scope of the FTCA, and how is separating a parent from child different from those activities?

2. You argue that an exception to the FTCA for actions taken while reasonably executing the law applies to Plaintiffs' claims based on A.A.'s transfer because, once A.A. was deemed an unaccompanied minor, 8 U.S.C. § 1232(b)(3) mandated the transfer. But the government's obligations under the statute don't end there: "an unaccompanied alien child in the custody of [HHS] shall be promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(2)(A). The statute contemplates "a suitable family member" as the default least restrictive setting. *Id.* A.A. had family in the state of Washington. You do not address this argument in the reply. Why haven't Plaintiffs at least plausibly alleged that the relevant government employees failed to exercise due care in executing the law when they did not promptly place A.A. with family after determining that A.A. was an unaccompanied alien child?

3. Citing *Lee v. United States*, No. CV 19-08051-PCT-DLR (DMF), 2020 WL 6573258, at *7 (D. Ariz. Sept. 18, 2020), you argue that Plaintiffs' allegations are too "vague and conclusory to hold Defendant liable under the FTCA for the actions of any federal employees." (Doc. 39 at 12.) This strikes the Court as a sufficiency of the pleading argument better suited for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), rather than a jurisdictional defect for purposes of Rule 12(b)(1). Indeed, in *Lee*, this Court considered a complaint that could have been read in two ways: (1) asserting negligence by the government agency or (2) asserting negligence by individual employees working for that government agency. To the extent the complaint could be read as asserting claims based on the agency's

negligence (so-called "intuitional" or "systemic" tort claims), the Court dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the FTCA does not waive sovereign immunity for such claims. *Id.* at *5-*6. To the extent the complaint could be read as asserting claims based on individual employees' negligence, the Court dismissed under Rule 12(b)(6) because, even though the United States waived sovereign immunity for such claims, the allegations were too "vague and conclusory" to state a claim to relief. Here, you have moved for dismissal only under Rule 12(b)(1) and haven't moved in the alternative for dismissal under Rule 12(b)(6). Yet you seem to rely on *Lee*'s 12(b)(6) analysis.

    a. Please explain why the perceived vagueness of Plaintiffs' complaint creates a jurisdictional problem under Rule 12(b)(1), rather than sufficiency of the pleading problem under Rule 12(b)(6).

    b. Plaintiffs point to paragraphs 35, 37-38, 40, 42 of the complaint as specifying the individual government employees who allegedly committed the tortious acts at issue. Don't these allegations demonstrate that Plaintiffs are seeking to hold the United States liable for the tortious conduct of individual employees, rather than the tortious conduct of the agencies they worked for?

## II.    For Plaintiff

1. The FTCA waives the United States' sovereign immunity from suits based on the negligent acts or omissions of federal government employees or agents. 28 U.S.C. § 1346(b)(1). It is well established in the Ninth Circuit that this sovereign immunity waiver applies only to the negligent acts or omissions of individuals, not to artificial entities. *See Adams v. United States*, 420 F.3d 1049, 1054 (9th Cir. 2005). A plaintiff therefore cannot bring an FTCA claim asserting negligence by a government agency; the negligence must be that of individual government employees or agents. *See Lee*, 2020 WL 6573258, at *5. At times, your complaint appears to allege that various government agencies tortiously implemented the Family Separation Policy, rather than that individual government employees

committed discrete torts. But claims of so-called "institutional" or "systemic" negligence are not actionable under the FTCA. *Id.* at *4-5. To fall within the FTCA's waiver of sovereign immunity, your claims must be based on the tortious conduct of individual employees.

    a. For each of your claims, please identify with specificity each individual federal employee whose conduct forms the basis that claim. If the identities of these employees are unknown, please identify them however you can (for example, by title or job description, date(s) of alleged tortious conduct, etc.) with corresponding citations to the paragraphs in the complaint that identify these individuals as the primary tortfeasors for whose actions you seek to hold the United States liable.

    b. Has each of these individuals committed discrete torts, or are your claims based on the actions of all individuals taken collectively? If the latter, how are your claims different from institutional/systemic torts?

    c. Do you intend to take discovery to learn the names of the specific individuals you allege committed the torts against you?

    d. At some point, doesn't Defendant need to know the identities of the specific tortfeasors so that it may adequately prepare a defense?

2. The FTCA's waiver of sovereign immunity is subject to several exceptions, one of which is the so-called "discretionary function exception," which bars claims arising from governmental actions that involve an element of judgment or choice and are based on public policy considerations. *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). "[T]he Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply." *Nurse v. United States*, 226 F.3d 996, 1002 n.3 (9th Cir. 2000). You argue that the discretionary function exception does not apply here because the practice of separating families and the procedures used to implement it violated the Constitution, and government employees do not have discretion to do that which the Constitution prohibits. In

response, Defendant draws an analogy to qualified immunity and argues that the discretionary function exception applies unless the government employee's discretion was cabined by a specific, clearly established directive. For its part, the Ninth Circuit has declined to decide "the level of specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor." *Id.* What level of specificity would you suggest the Court apply when evaluating the discretionary function exception, and what is your best case supporting that standard?

Dated this 21st day of June, 2022.

Douglas L. Rayes
United States District Judge