GARY M. RESTAINO
United States Attorney
District of Arizona
KATHERINE R. BRANCH
Assistant U.S. Attorney
Arizona State Bar No. 025128
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone:  (602) 514-7500
Main Fax: (602) 514-7693
Email: Katherine.Branch@usdoj.gov
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| F.R., on his own behalf and on behalf of his minor child A.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-21-00339-PHX-DLR <br><br> **REPLY IN SUPPORT OF AMENDED MOTION TO CONSOLIDATE CASES FOR COMMON POLICY-BASED DISCOVERY ONLY** |

Defendant, the United States of America, replies in support of its Amended Motion to Consolidate Cases for Common Policy-Based Discovery Only (Doc. 54), in which it seeks to consolidate *F.R., et al. v. United States*, No. 2:21-cv-00339-PHX-DLR with *C.M., et al. v. United States*, No. 2:19-cv-05217-PHX-SRB, and *A.P.F., et al. v. United States*, No. 2:20-cv-00065-PHX-SRB before a single judicial officer for the limited purpose of coordinating policy-based discovery common to each case, to include the national-level policy-related discovery directed at high level government officials, as well as the implementation of such policies by officials and employees of Border Patrol Sectors, Immigration and Customs Enforcement (ICE) Field Offices, and U.S. Attorney's Offices.

Consolidating discovery in this manner will not delay the proceedings in *C.M.* and *A.P.F.*  Indeed, the Government is not seeking to extend the discovery deadlines in those

actions as a result of this motion. Rather, the Government believes that consolidating the policy-based discovery common to all Family Separation Cases will streamline discovery proceedings in *F.R.* and in the other Family Separation Cases currently pending in this District. Consolidation will streamline discovery in the other cases by allowing the parties to take advantage of the robust ESI protocols developed, litigated, and used in the *C.M.* and *A.P.F.* cases, and the resulting document productions.[1] Consolidation could also streamline discovery in the pending and impending cases by avoiding duplication in depositions. *See* Response in Opposition to the Amended Motion, note 4 (Doc. 60). However, the most expeditious way to determine how best to utilize the existing policy-based discovery in subsequent Family Separation Cases, and the mechanisms by which future plaintiffs might seek additional such discovery, is to consolidate the common, policy-based discovery before a single judicial officer.

Consolidation of the common, policy-based discovery will also help avoid inconsistent discovery rulings. For example, in the *C.M.* and *A.P.F.* matters, the Government asserted deliberative process, executive privilege, work product, and attorney-client privilege over certain documents or portions of policy-level documents that are common to all current and future plaintiffs in the Family Separation Cases. The *C.M.* and *A.P.F.* plaintiffs challenged the Government's privilege assertions. *See, e.g.*, Doc. 120 in No. 2:19-cv-05217. Judge Bolton ordered the Government to produce unredacted versions of the documents over which the Government asserted attorney-client or work product privilege for *in camera* review. Doc. 130 in No. 2:19-cv-05217. Upon review of the 143 documents submitted by the Government, the Court found that "for the most part," the redactions were "carefully and correctly done." Doc. 137 at 6 in No. 2:19-cv-05217. The Court determined that a few of the redacted documents were not privileged and ordered them to be produced without redactions. *Id.* Subsequently, Judge Bolton reviewed *in camera* 35 documents

---

[1] Those cases were subject to the Mandatory Initial Discovery Pilot Project ("MIDP") initiated in this District on May 1, 2017 by General Order 17-08. The MIDP terminated on May 1, 2020. Voluminous discovery was produced in those cases, both as a result of the MIDP and through the discovery process.

redacted by the Government due to claims of Presidential Communications Privilege[2] or the Deliberative Process Privilege, thoroughly analyzed the various privileges asserted, and ordered either that the document be produced without the redaction or sustained the privilege claim. Doc. 142 in 2:19-cv-05217. Judge Bolton has also ruled on additional challenges to privilege assertions made over documents and deposition testimony. *See, e.g.*, Docs. 146, 173, 204 in No. 2:19-cv-05217. Judicial economy is best served by relying on Judge Bolton's findings on these issues rather than having another judge duplicate her efforts and risk inconsistent privilege decisions in the event plaintiffs' counsel in other Family Separation Cases challenge the Government's privilege claims.

Additionally, the common, policy-level discovery in the Family Separation Cases will likely involve disclosing the same documents, efforts to depose the same or similar witnesses, and exploring the same defenses. Requiring different judges in each case to be familiar with this body of discovery, and to be able to make determinations as to the most fair and efficient use of this discovery, would be unnecessarily burdensome and inefficient. Consolidating the common, policy-level discovery will conserve judicial resources, lessen the burden on the parties and witnesses, and will help eliminate unnecessary repetition.

To be clear, the Government is only seeking to consolidate the policy-level discovery that is common to all the Family Separation Cases. Discovery specific to the plaintiffs in any given case would remain with the judge assigned to that case. However common, policy-based discovery should be consolidated before a single judicial officer who can determine, with input from the parties, how best (and on what timetable) to utilize the existing discovery to limit duplicative discovery efforts and discovery disputes.

RESPECTFULLY SUBMITTED this 11th day of July, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Katherine R. Branch*
KATHERINE R. BRANCH

---

[2] Plaintiffs in *C.M.* and *A.P.F.* subsequently withdrew their challenge to the Government's invocation of the Presidential Communications Privilege.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Assistant United States Attorney
*Attorneys for Defendant*