**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| F.R., | No. CV-21-00339-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant United States of America's motion to dismiss for lack of subject-matter jurisdiction, which is fully briefed. (Docs. 30, 36, 39.) The Court heard oral argument on June 24, 2022 and, for reasons stated below, grants in part and denies in part the United States' motion.

**I.     Background[1]**

Plaintiffs, F.R. and his six-year-old son A.A., crossed the U.S.-Mexico border in March 2018, fleeing economic hardship in their home country, Honduras. A Customs and Border Patrol ("CBP") officer detained and transferred them to a frigid detention facility where Plaintiffs were forced to sit on the floor without beds or blankets. About two hours later, an immigration officer separated A.A. from F.R. During the separation, A.A. begged his father not to leave him alone in the United States, and F.R. begged the immigration official not to take his son. After the separation, F.R. thought of hurting and killing himself;

---
[1] The following factual background comes from the complaint and is presumed true for purposes of this order. (Doc. 1.)

other detainees had to restrain F.R. to prevent him from hitting his head against the wall. Although F.R. told immigration officials that A.A. had an aunt in Washington, they made no effort to place A.A. with family. No one told F.R. where his son was being taken.

More than two weeks later, F.R. learned A.A. had been transferred to a shelter for minors in Texas. Plaintiffs were allowed one 15-minute phone call per week, during which they cried as A.A. begged his father not to leave him. Despite F.R.'s repeated pleas, immigration officers returned him to Honduras without his son. Once he returned to Honduras, officials told F.R. he could not speak to A.A. on the phone because F.R. lost his rights as a father when he left A.A. in the United States. Plaintiffs were permitted only one phone call during the next two months.

Plaintiffs remained separated for the next 100 days. A.A. experienced further isolation when a woman at the Texas shelter repeatedly separated A.A. from the other children as punishment, though A.A. did not understand why he was being separated. When A.A. returned home, his behavior had changed. He began wetting the bed and showed aggression towards others—even violence towards his own siblings. This behavior escalated, and his parents feared for the other children's safety. A.A. also showed less respect to authority and had trouble sleeping and concentrating. As for F.R., he continues to struggle with depression.

Plaintiffs seek damages from the United States for the alleged mistreatment they experienced at the hands of federal employees while in federal custody, along with the conduct of former Attorney General Jeff Sessions and former Department of Homeland Security ("DHS") Secretary John Kelly in crafting what has become known as the "Family Separation Policy." The complaint brings claims of intentional infliction of emotional distress, negligence, and loss of child consortium, allegedly perpetrated by unnamed employees of the Department of Health and Human Services ("HHS"), the DHS, CBP, Immigration and Customs Enforcement ("ICE"), the United States Citizenship and Immigration Services ("USCIS"), and DHS and HHS contractors.

## II. Legal Standard

Federal courts are courts of limited jurisdiction possessing only the authority granted to them by the Constitution and Congress. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). At all times, the plaintiff bears the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may challenge the Court's subject-matter jurisdiction using a motion under Federal Rule of Civil Procedure 12(b)(1). The challenge can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the allegations in the complaint as insufficient to invoke federal jurisdiction; a factual attack challenges the truth of allegations in the complaint that would otherwise confer federal jurisdiction. *Id.* Here, the United States brings a facial attack, arguing that the Court lacks subject-matter jurisdiction because the United States has not waived its sovereign immunity against the claims contained in the complaint. (Doc. 30 at 1.) When analyzing a facial attack on subject-matter jurisdiction, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## III. Analysis

Sovereign immunity shields the United States from suits for damages. *McCarthy v. United States*, 850 F.2d 558, 558 (9th Cir. 1988). Federal courts therefore lack subject-matter jurisdiction over damages actions against the United States unless the United States has waived its sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Wright v. United* States, 719 F.2d 1032, 1034 (9th Cir. 1983). The terms of this waiver define a court's jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for claims:

> against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if

a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Though broad, the FTCA's waiver of sovereign immunity is not boundless. For example, claims alleging violations of constitutional rights (sometimes called "constitutional torts") are not cognizable under the FTCA. *See* 28 U.S.C. § 2679(b)(2)(A); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). It also is well established in the Ninth Circuit that the FTCA's sovereign immunity waiver applies only to the negligent acts or omissions of *individuals*, not to artificial entities. *See Adams v. United States*, 420 F.3d 1049, 1054 (9th Cir. 2005). As such, a cognizable FTCA claim must be predicated on the tortious misconduct of individual government employees, rather than on alleged wrongdoing by the United States or its agencies writ large. *See Lee v. United States*, No. CV 19-08051-PCT-DLR (DMF), 2020 WL 6573258, at *5 (D. Ariz. Sept. 18, 2020) ("To the extent Plaintiff appears to seek to sue the Government and/or the [Bureau of Indian Affairs] for its own alleged negligence or based on its purported vicarious liability as an employer, this claim fails as a matter of law for lack of subject matter jurisdiction. This is because, apart from its limited waiver of sovereign immunity under the FTCA, the Government has not waived its sovereign immunity to suit in this action."). What's more, the FTCA is subject to a host of statutory exceptions, including claims "based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid," (known as the "due care exception"), or "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," (known as the "discretionary function exception"). 28 U.S.C. § 2680(a). The "plaintiff bears the burden of persuading the court that it has subject-matter jurisdiction under the FTCA's general waiver of immunity, and the United States bears the burden of proving that an exception applies." *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *2 (D. Ariz. Mar. 30, 2020) (cleaned up).

Here, the United States argues that the FTCA does not waive sovereign immunity for the claims alleged in the complaint for four reasons, two of which go to the FTCA's general waiver of immunity (upon which Plaintiffs bear the burden of persuasion), and two of which go to the FTCA's statutory exceptions (upon which the United States bears the burden). Regarding the FTCA's general waiver, the United States argues (1) there is no private analogue for the allegedly tortious misconduct of which Plaintiffs complain and (2) the complaint, favorably read, fails to allege tortious misconduct by any individual government employee(s) and, instead, attempts to bring claims based on the conduct of entire federal agencies writ large (so-called "systemic" or "institutional" torts), which are not actionable under the FTCA. As for the exceptions, the United States argues the allegedly tortious misconduct falls within the (1) due care and (2) discretionary function exceptions. The Court will address these arguments in turn.

### A. Scope of General Waiver

#### 1. Private Analogue Requirement

The FTCA waives sovereign immunity only when a private individual under like circumstances would be liable for the same conduct under state law (known as the "private analogue requirement"). 28 U.S.C. § 2674; *C.M.*, 2020 WL 1698191, at *2. "'Like circumstances' are not 'identical circumstances.'" *Xue Lu v. Powell*, 621 F.3d 944, 947 (9th Cir. 2010). Because the federal government "could never be exactly like a private actor," the Court must find the "most reasonable analogy," if any. *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016).

The United States argues Plaintiffs' claims lack a private analogue because only the federal government can enforce federal criminal and immigration laws and make detention determinations. (Doc. 30 at 23.) But this same argument was raised on three prior occasions in this District, in cases with substantially similar facts, and was rejected in every case. *See C.M.*, 2020 WL 1698191, at *2; *A.P.F. v. United States*, 492 F.Supp.3d 989, 994 (D. Ariz. 2020); *A.I.I.L. v. Sessions*, No. CV-19-00481-TUC-JCH, 2022 WL 992543, at *8 (D. Ariz. Mar. 31, 2022). The United States has not offered a good reason to deviate from

these prior decisions, which the Court finds persuasive. Like in those cases, to the extent Plaintiffs' claims are predicated on the actions of unnamed officials executing the Family Separation Policy, who allegedly (1) separated family members, (2) negligently made daily housing and safety determinations, and (3) interfered with Plaintiffs' parent-child relationship, there are sufficient private analogues. *See Pankratz v. Willis*, 744 P.2d 1182, 1189 (Ariz. Ct. App. 1987) (recognizing a claim for IIED where a mother disappeared with her child, separating the child from the father who had court visitation rights); (2) *Martinez v. United States*, No. CV-13-00955-TUC-CKJ (LAB), 2018 WL 3359562, at *10-12 (D. Ariz. July 10, 2018) (recognizing an IIED claim where plaintiffs could show border patrol agents acted with malice in threatening to separate a family during interrogation); (3) *Dobek v. Wal-Mart*, No. CV-03-297-TUC-FRZ, 2007 WL 2069832, at *4 (D. Ariz. July 17, 2007) (recognizing loss of child consortium where defendant's conduct resulted in an injury to a child that significantly interfered with the parent-child relationship); *Estate of Smith v. Shartle*, No. CV-18-00323-TUC-RCC, 2020 WL 1158552, at *2 (D. Ariz. Mar. 10, 2020) (recognizing a negligence claim where the conduct of an individual responsible with making daily housing and safety determinations resulted in injury to their ward).

### 2.  Direct, Institutional or Systemic Tort Liability

The FTCA authorizes suits against the United States for the tortious acts or omissions of its employees and agents. *See Vander v. United States Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). The FTCA does not waive sovereign immunity for the tortious acts or omissions of the entire government or an entire agency writ large. *See* 28 U.S.C. § 2671 (defining "employees" within the FTCA as "*persons* acting on behalf of federal agency" (emphasis added)); *Adams*, 420 F.3d at 1054 ("[I]t seems likely Congress intended the category of 'persons acting on behalf of a federal agency' to be limited to individuals so acting."); *Jones v. United States*, No. CV-20-02145-PHX-SMB, 2021 WL 5505787, at *4 (D. Ariz. Nov. 24, 2021) ("The word 'persons,' as used in the FTCA, does not include corporations such as the VA Hospital. Therefore, in the case of medical negligence or

malpractice, a plaintiff must identify the specific medical professional, or professionals, liable for his or her claim. (internal citation omitted)); *Lee*, 2020 WL 6573258, at *5 (D. Ariz. Sept. 18, 2020) (explaining that the FTCA does not waive sovereign immunity for the negligence of the government or its agencies).

The United States, citing *Lee*, argues that the complaint alleges "institutional tort claims" rather than torts based on the misconduct of individual employees. (Doc. 30 at 24.) In *Lee*, the Court confronted a complaint that plausibly could have been read two ways: as alleging either (1) tortious misconduct on behalf of an agency as a whole or (2) misconduct on behalf of individual employees of that agency. 2020 WL 6573258, at *5. The defendant moved to dismiss both for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim to relief under Rule 12(b)(6). *Id.* at *1. To the extent the plaintiff intended to sue for the tortious misconduct of the agency, the Court dismissed for lack of subject-matter jurisdiction because the FTCA waives sovereign immunity only for the tortious misconduct of individual government employees. *Id.* at *5. To the extent the plaintiff intended to sue for the tortious misconduct of individual government employees, the Court dismissed for failure to state a claim because the allegations were too vague and "devoid of facts about what any particular federal employee's role and responsibility was" or how any of the individuals mentioned in the complaint were negligent. *Id.* at *5-6.

Likewise, the complaint here plausibly can be read as alleging claims against the United States based either on tortious misconduct of entire agencies or based on tortious misconduct by individual employees working for those agencies. To the extent Plaintiffs intend to sue the United States for the alleged tortious misconduct of the relevant agencies writ large, the Court lacks subject-matter jurisdiction. However, the Court has subject-matter jurisdiction over Plaintiffs' claims against the United States for the alleged tortious misconduct of specific, individual employees working for those agencies. Any potential deficiencies in the factual allegations in the identification of the individual employees have not been raised in a Rule 12(b)(6) motion and are, therefore, not before the Court. The

Court has subject-matter jurisdiction to the extent the complaint alleges tortious misconduct by individual government employees.

### B. Statutory Exceptions

#### 1. Due Care Exception

The FTCA does not waive sovereign immunity for claims "based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." 28 U.S.C. § 2680(a). This exception prevents individuals from using the FTCA to challenge the legality of a statute or discretionary decision. *United States v. Varig Airlines*, 467 U.S. 797, 809-10 (1984).

This District follows the two-prong test established by *Welch v. United States*, 409 F.3d 646, 652 (4th Cir. 2005), to determine whether the due care exception applies. *See C.M.*, 2020 WL 1698191, at *3; *see also A.P.F.*, 492 F.Supp.3d at 995. Under the *Welch* test, the due care exception applies if (1) the statute or regulation in question "specifically proscribes a course of action for an officer to follow,"[2] and (2) the officer "exercised due care in following . . . the statute." *Welch*, 409 F.3d at 652.

The United States argues that once A.A. was identified as an unaccompanied alien child, the Trafficking Victims Protection Reauthorization Act of 2008, 28 U.S.C. § 1232(b)(3), required immigration officials to transfer A.A. to HHS's Office of Refugee Resettlement ("ORR") within 72 hours. (Doc. 30 at 21.)

A.A.'s transfer was mandated by statute, thus satisfying the first *Welch* factor. However, the government's duties under § 1232 did not end with A.A.'s transfer. Once A.A. was transferred to ORR, government officials had a duty to "promptly plac[e] [A.A.] in the least restrictive setting that [was] in [his] best interest," which required officials to attempt to place A.A. with a "suitable family member". 28 U.S.C. § 1232(c)(2)(A).

---

[2] "Proscribe" means to prohibit. The Court assumes *Welch* meant to say "prescribes," which means to establish, command, or direct. It doesn't make sense to ask if a statute prohibits a course of action for an officer to follow, but it does make sense to ask if a statute establishes a course of action for an officer to follow. Indeed, later in the *Welch* decision, the court uses the word "prescribe." *See Welch*, 409 F.3d at 652.

Despite being notified of an aunt living in Washington, the complaint alleges government officials did not attempt to place A.A. with his aunt. (Doc. 1 at 11.) The complaint therefore plausibly alleges that government officials did not act with due care in carrying out their statutory mandate. The United States has not carried its burden of showing that the due care exception applies.[3]

### 2. Discretionary Function Exception

The discretionary function exception "bars claims arising from governmental actions that (1) involve an element of judgment or choice and (2) are based on considerations of public policy." *C.M.*, 2020 WL 1698191, at *4 (cleaned up). Action does not involve an element of judgement or choice if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow because the employee has no rightful option but to adhere to the directive." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (cleaned up). This includes constitutional prescriptions; "the Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply." *Nurse v. U.S.*, 226 F.3d 996, 1002 (9th Cir. 2000). When a statute or regulation allows a government agent to exercise discretion, the agent's actions are presumed to be grounded in policy. *Gaubert*, 499 U.S. at 324. "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 324-25.

The United States argues the decisions to prosecute F.R., to detain him in a secure adult detention facility, and to subject Plaintiffs to particular treatment while in custody are protected by the discretionary function exception because the decisions to prosecute, make

---

[3] Nothing in this order precludes the United States from reasserting this exception at a later stage of litigation if the facts unearthed during discovery prove that the relevant government employees did, in fact, exercise due care in following their statutory directives. But, for present purposes, the Court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor.

1 detention determinations, and set particular conditions of confinement are discretionary
2 and susceptible to policy analysis. (Doc. 30 at 13, 17.) Once again, these arguments have
3 been raised and rejected in this District in three cases with substantially similar facts. *See*
4 *C.M.*, 2020 WL 1698191, at *4; *A.P.F.*, 492 F.Supp.3d at 996-97; *A.I.I.L.*, 2022 WL
5 992543, at *3-4. The United States has not given the Court a good reason to depart from
6 the reasoning in these prior cases, and the Court finds them persuasive.

7 To the extent Plaintiffs' claims are based on their separation from each other,
8 Plaintiffs have plausibly alleged the government officials' conduct violated the
9 Constitution, placing this conduct outside the discretionary function exception for pleading
10 purposes. In arguing otherwise, the United States correctly notes that the Ninth Circuit has
11 not decided "the level of specificity with which a constitutional proscription must be
12 articulated in order to remove the discretion of a federal actor." *Nurse*, 226 F.3d at 1002
13 n.2. The United States urges the Court to adopt a level of specificity analogous to that
14 required for qualified immunity, namely that the constitutional right be clearly established
15 at the time of the tortious misconduct that violated the constitution. (Doc. 30 at 19.) In
16 contrast, Plaintiffs argue that the allegation of unconstitutionality need only be plausible to
17 survive a motion to dismiss. (Doc. 74 at 30.)

18 The Court finds Plaintiffs have the better view for two reasons. First, it is more
19 consistent with *Nurse*, where the Ninth Circuit reversed the dismissal of an FTCA claim
20 based on the discretionary function exception because the plaintiff had alleged the
21 governmental conduct was unconstitutional, without specifying what constitutional
22 mandate the officials violated. *Id.* at 1002. If such "bare allegations" were sufficient to
23 overcome a motion to dismiss in *Nurse*, the Court sees no reason why Plaintiffs should be
24 held to a higher standard here. Second, other judges in this District have applied a
25 plausibility standard to allegations of unconstitutional conduct at the motion to dismiss
26 stage. *See, E.g., C.M.*, 2020 WL 1698191, at *4 (denying a motion to dismiss based on
27 the discretionary function exception where the plaintiffs plausibly alleged the
28 government's separation of their families violated their constitutional rights); *A.P.F.*, 492

F.Supp.3d at 996 (denying a motion to dismiss based on the discretionary function exception where the plaintiffs plausibly alleged the government's separation of their families violated their constitutional rights); *A.I.I.L.*, 2022 WL 992543, at *4 (denying a motion to dismiss based on the discretionary function exception where plaintiffs plausibly alleged the government's conduct violated their constitutional rights). The United Sates offers no compelling reason for the Court to deviate from that trend here. For pleading purposes, Plaintiffs have adequately alleged the unconstitutionality of the conduct at issue. Thus, the United States has not established the discretionary function exception applies.

**IT IS ORDERED** that the United States' motion to dismiss for lack of subject-matter jurisdiction (Doc. 30) is **GRANTED** in part and **DENIED** in part. The Court grants the motion to dismiss as it relates to claims based on the conduct of the federal government or its agencies as a whole. The Court denies the motion as it relates to the tortious misconduct of individual government employees.

Dated this 22nd day of July, 2022.

_____
Douglas L. Rayes
United States District Judge