Kathleen E. Brody (026331)e
kathy@mscclaw.com
Molly Brizgys (29216)
molly@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1000
Phoenix, AZ 85004
Telephone: (602) 358-0293
Facsimile: (602) 358-0291

Peter Rukin (SBN 178336)*
prukin@rukinhyland.com
Jessica Riggin (SBN 281712)*
jriggin@rukinhyland.com
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 925
Oakland, CA 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

(*Admitted Pro hac vice)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| F.R., on his own behalf and on behalf of his minor child, A.A.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-21-00339-PHX-DLR<br><br>**PLAINTIFFS' MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS** |

Plaintiffs, F.R., as the father and statutory representative of minor and his young son, A.A. ("Minor"), ask the Court to enter the proposed Order, accompanying this Motion, approving the settlement of the Minor's claims against the United States of America ("Defendant").

## MEMORANDUM OF POINTS AND AUTHORITIES

This case involves alleged mistreatment and constitutional deprivations of a minor and his adult father while in custody of the United States, brought against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* ("FTCA"). Plaintiffs allege they were detained and forcibly separated by Defendant for approximately 100 days, causing serious injury to both Plaintiffs. The Court is familiar with the facts of the case which are described in detail in the Court's Order denying the United States of America's motion to dismiss (Dkt. 77).

**I.   The Settlement, Attorney's Fees and Costs.**

This action was commenced on February 25, 2021. Dkt. No. 1. On July 22, 2022, the Court denied Defendant's motion to dismiss. Dkt. No. 77. Thereafter, the parties engaged in discovery (including production of documents and depositions) obtained an assessment of A.A. by a psychologist jointly retained by the parties and engaged in settlement negotiations. Those negotiations have culminated in a Settlement whereby Defendant will pay Plaintiffs One Hundred and Ten Thousand Dollars ($110,000.00) (hereinafter "Settlement Amount") in settlement of all claims, pending Court approval. Attached as Exhibit A is the proposed Settlement Agreement.

The Settlement is contingent upon (a) Plaintiffs obtaining this Court's approval for the minor's portion of the Settlement and (b) approval of the Settlement by the United States Department of Justice. Defendant is able to seek approval of the Settlement by the Attorney General only after Court approval is obtained.

Plaintiffs request apportionment between the two Plaintiffs as follows: (a) Plaintiff F.R. shall receive the amount of $45,000 in settlement of his monetary claims against the United States; and (b) Plaintiff A.A., a minor, shall receive the amount of $65,000 in

settlement of his monetary claims against the United States.

A.A.'s portion of the Settlement shall be placed in a pooled minor's trust administered by Legacy Enhancement. Distribution of funds to A.A. from the pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement. Permissible distributions until A.A. turns 18 years old include but are not limited to expenses related to education, health care and technology. After A.A. turns 18 years old, he will be able to obtain distributions of remaining funds for a wider range of expenses, as approved by the trustee. Any funds remaining when A.A. turns 21 years old will be released to him *in toto*. Information about the pooled minor's trust and the agreement for funding the minor's trust are contained in Exhibit B hereto.

Plaintiffs' counsel are not taking any attorneys' fees. Counsel have incurred over $200,000 in fees for legal services performed under a contingency agreement with Plaintiffs. However, Plaintiffs' counsel are waiving and releasing any claim for attorneys' fees against the United States and Plaintiffs, and will collect no fees for the work they have performed on this case.

Plaintiffs' counsel are also not recovering their costs out of the Settlement. Plaintiffs' counsel have incurred approximately $14,000 in litigation costs related to this litigation, including eDiscovery hosting charges, deposition expenses, and Plaintiffs' share of the fee charged by the parties' jointly retained expert for the psychological evaluation of A.A. Plaintiffs' counsel are waiving and releasing any claim for reimbursement of these costs.

Plaintiffs understand the United States does not object to the Settlement and, therefore, does not object to this Motion. Plaintiffs understand the United States will file a response or a notice of no objection to this Motion further clarifying its position in this regard.

**II.    Reasonableness of Settlement.**

The district court in which a minor's claims are being litigated has a duty to protect the minor's interests. *Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.

1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978)). In reviewing a proposed settlement involving minors, the district court should consider whether the net amount distributed to a minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux,* 638 F.3d at 1182. The Beneficiaries believe this is a reasonable allocation of the settlement proceeds to the Minors.

Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child, there is no inherent conflict of interest. *Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.,* 623 F.2d 1084, 1093 (5th Cir. 1980); *Gonzalez v. Reno,* 86 F.Supp.2d 1167, 1185 (S.D. Fla. 2000) ("When a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)").

In this case, F.R.'s interests are entirely aligned with those of the Minor. Both F.R. and A.A. are seeking damages for their alleged unlawful separation in 2018. A.A. is now 12 years old., and F.R. is his only source of parental support. F.R. will care for A.A. for at least the next 6 years, and likely longer, as they move forward in life.

In the absence of any conflict of interest between F.R. and the Minor, this Court has the power to approve the Settlements and grant F.R. the authority to consummate the Settlement on behalf of the Minor. *Id.*

**III.     Requested Action by the Court.**

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion which provides as follows.

    1.  Approving the Settlement of the Lawsuit for $110,000.

    2.  Approving an allocation of the Settlement as follows.

| F.R. | $45,000 |
|---|---|
| A.A. | $65,000 |

3. Approving the placement of A.A.'s Settlement share of $65,000 into a pooled minor's trust administered by Legacy Enhancement on behalf of A.A. Plaintiffs' counsel Peter Rukin shall coordinate with F.R. and Legacy Enhancement for the execution of all necessary paperwork and the funding of the pooled minor's trust on behalf of A.A.

IV.   **Hearing.**

Should the Court have any questions about the Settlement, Plaintiff asks that it conduct a hearing to address any issues that might exist.

RESPECTFULLY SUBMITTED this October 30th, 2023.

RUKIN HYLAND & RIGGIN LLP

By:   s/Peter Rukin

Peter Rukin
Jessica Riggin

MITCHELL | STEIN | CAREY | CHAPMAN, PC

Kathleen E. Brody
Molly Brizgys

Attorneys for Plaintiffs